IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**HERMAN SHIVERS**                                                                                          **PLAINTIFF**

**VERSUS**                                                          **CIVIL ACTION NO. 2:07cv55KS-MTP**

**AKIMA INTRA-DATA**                                                                                   **DEFENDANT**


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Motion to Dismiss **[#16]** filed on behalf of the defendant. The court, having reviewed the motion, the response, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:

The plaintiff was employed with the defendant, Akima, when aggrieved with his employment, on or about July 13, 2006, he lodged a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC investigated the plaintiff's Charge and issued a "no cause" finding with Notice of Suit Rights on or about December 27, 2006.

On or about March 14, 2007, the plaintiff commenced the instant action by filing his Complaint and a Motion to Proceed in Forma Pauperis. Docket Entry Nos. 1 and 2, respectively. On or about September 4, 2007, Magistrate Judge Mike T. Parker issued a Report and Recommendation which recommended that the plaintiff's Motion to Proceed in Forma Pauperis be denied, that the plaintiff submit the requisite filing fee within thirty days, and that the plaintiff be warned that failure to serve Akima within 120-

days of the payment of the filing fee may result in dismissal of this action.  Docket Entry No. 3.

On or about October 4, 2007, the plaintiff remitted the filing fee, and, on that same day, the court entered an Order adopting the Magistrate's Report and Recommendation and warning the plaintiff that failure to serve the Summons and Complaint upon Akima within 120 days of payment of the filing fee, or on or before February 1, 2008, may result in the dismissal of the instant action.  Docket Entry No. 4.  Thereafter, on or about October 10, 2007, the Clerk of the Court issued a Memorandum to the plaintiff, detailing his responsibilities for service of process under Rule 4 of the Federal Rules of Civil Procedure.  Docket Entry No. 5.

Approximately three (3) months later, on or about January 2, 2008, the plaintiff filed his Amended Complaint, which now forms the basis of this action.  Docket Entry No. 6.  On that same date, the Clerk again sent the plaintiff a Memorandum noting that the Summons provided was incomplete and providing the plaintiff instructions on how to properly complete the Summons and have it issued.  Docket Entry No. 7.

On or about January 18, 2008, the Clerk issued a Summons to Akima and sent the Summons to the plaintiff to effect service of process.  Docket Entry No. 8.  The plaintiff failed to serve the Summons on Akima prior to the 120-day deadline, or on or before February 1, 2008.  Accordingly, on or about March 3, 2008, Magistrate Judge Parker issued an Order and Notice to the plaintiff, noting that he had failed to serve Akima within the 120-day deadline, providing him an additional thirty (30) days until April 2, 2008, to serve Akima, and again warning the plaintiff that failure to serve Akima within the extended time-period may result in the instant action being dismissed.

Docket Entry No. 9.

Despite the court's extension, the plaintiff once again failed to serve Akima within the thirty days. Therefore, on or about April 22, 2008, Magistrate Judge Parker entered another Report and Recommendation, recommending that the instant action be dismissed for the plaintiff's failure to prosecute and his failure to comply with the court's March 3, 2008, Order. Docket Entry No. 10.

On or about April 30, 2008, the plaintiff sent a letter to the Clerk, attempting to excuse his failures by simply stating "I did not understand the Process[.] Would like the Summon[s] to be Reissued." Docket Entry No. 11. That same day, the Clerk issued an Alias Summons to Akima. Docket Entry No. 12. Thereafter, on May 6, 2008, the plaintiff filed a purported Return of Service, noting that he had attempted to serve the Alias Summons and Amended Complaint upon Akima by certified mail, but he failed to attach a return receipt. Docket Entry No. 13.

On or about May 19, 2008, the court entered an Order finding "that certified mail process does not comply with Rule 4 of the Federal Rules of Civil Procedure … and that the process has not been completed properly." Docket Entry No. 14, p. 1. Again, in lieu of dismissal, the court extended to the plaintiff an additional twenty (20) days, or until June 9, 2008, "to properly complete process on the defendant herein" and warned him that "[i]f process is not properly completed within the aforementioned twenty days, then the complaint will be dismissed … ." *Id.* at p. 2 (emphasis added).

In response to the court's May 19, 2008, Order, on or about May 22, 2008, the plaintiff filed a Certified Mail Receipt, noting delivery of a package to Akima. Docket Entry No. 15. However, as the court has previously held, service by certified mail does

not comply with Rule 4, and the June 9, 2008 deadline to perfect service upon Akima has now lapsed. The defendant filed the instant motion on June 20, 2008.

On June 25, 2008, the court entered its Order Setting Deadlines and Dates for Responses and Rebuttals to the defendant's Motion to Dismiss . Docket Entry No. 18. In accordance with Uniform Local Rule 7.2(D), the court set the date certain for the plaintiff's Response on or before July 7, 2008, with Akima's Rebuttal, if any, due on or before July 14, 2008.

The plaintiff's deadline of July 7, 2008 expired with no action taken by the plaintiff. On July 9, 2008 – two days past the July 7th deadline – the plaintiff apparently contacted the Clerk telephonically, yet he still failed to submit any written response to Akima's Motion to Dismiss. Thereafter, on or about July 11, 2008, counsel for Akima submitted a proposed order to the court granting its Motion to Dismiss as unopposed. The plaintiff was copied with that correspondence, yet he still failed to submit any written response to Akima's Motion to Dismiss.

Accordingly, on July 29, 2008, the court entered a Show Cause Order warning the plaintiff that the court would grant Akima's Motion to Dismiss as unopposed if, on or before August 8, 2008, the plaintiff failed to submit a response to Akima's Motion or to show cause as to why he has failed to respond to the Motion. On or about August 6, 2008, the plaintiff filed his Response to the court's Show Cause Order, Docket Entry No. 20, however, the plaintiff failed to serve a copy of his Response upon counsel for Akima. Akima only became aware of the plaintiff's submission through operation of the court's electronic filing system. A review of the plaintiff's Response reveals that it fails to address Akima's arguments as to why this action must dismissed and fails to

demonstrate good cause as to why his tardy response is sufficient to defeat Akima's Motion to Dismiss.

## STANDARD OF REVIEW

An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. Thus, Rule 12(b)(4) is the proper challenge, for instance, when it is alleged that the Summons and Complaint do not properly name the party on whom the Summons and Complaint is served.

A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint. Other than those cases in which it is confused with a motion under Rule 12(b)(5), a motion under Rule 12(b)(4) is fairly rare. Thus, Rule 12(b)(5) is the proper challenge when the wrong party is served with an otherwise proper Summons and Complaint.

Although the distinction between Rule 12(b)(4) and 12(b)(5) motions is easy to state, the line between them becomes blurred when the alleged defect is that the defendant either is misnamed in the summons or has ceased to exist. In these cases, the form of the process could be challenged under Rule 12(b)(4) on the theory that the summons does not properly contain the names of the parties, or a motion under Rule 12(b)(5) could be made on the ground that the wrong party—that is, a party not named in the summons—has been served. Several courts that have dealt with this problem

simply have treated a combination of the two motions as a proper procedure. *Cf. Sweeney v. Greenwood Index- Journal Co.*, 37 F. Supp. 484 (D.C. S.C. 1941)("If a misnomer or mistake on the part of the Plaintiff constitutes a fatal defect, that is, a defect of substance and not merely one of form, the process would be void ab initio and . . . there would be, as recognized by Rule 12(b), both insufficiency of process and insufficiency of service of process." ). *See also* Wright and Miller, 5B FEDERAL PRACTICE AND PROCEDURE: Civil 3d, Section 1353.

The proper challenge to an alleged untimely service of process is under Rule 4(m) which provides for the dismissal of the action as a method of sanctioning a plaintiff's failure to make service on the defendant within 120 days after filing the complaint with the court.[1] The defendant has briefed and argued the motion as one under Rule 12(b)(5) but has included argument and citations regarding the "good cause" provisions of this rule. Nevertheless, even if the parties do not address the rule properly, the court may, of its own initiative, address the appropriateness of a dismissal under the rule, *sua sponte*. *See* Rule 4(m), Federal Rules of Civil Procedure.

## **ANALYSIS**

The plaintiff has been given ample opportunity to serve process on the defendant and has been instructed on the rules dealing therewith on more than one

---

[1] If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. Fed.R.Civ.P. 4(m).

occasion by the Clerk of this court. He has utterly failed to offer any reason for his abject failure to timely comply with the numerous extensions allowed by the court.

The Fifth Circuit Court of Appeals has noted that "'good cause' requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified" is normally required.'" *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304 (5th Cir.1985) (quoting 10 WRIGHT & MILLER FEDERAL PRACTICE AND PROCEDURE: Civil 3d § 1165 at page622)(emphasis and added emphasis in original). Courts generally require "that a plaintiff demonstrate that, despite diligent attempts to effectuate service within the allotted time period, service could not be made due to exceptional circumstances beyond his control." *Naglieri v. Valley Stream Central High School District*, 2006 WL 1582144 *2 (E.D.N.Y. May 26, 2006) (citations omitted). The plaintiff carries the burden of proving good cause for his failure to effect timely service. *Gitz v. St. Tammany Parish Hospital*, 125 F.R.D. 138, 138 (E.D.La.1989).

"Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.' " *LePone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir.2007)(quoting *Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir.1991)). Here, the plaintiff's failure to timely serve the defendant was not the fault of some outside factor, such as faulty advice, rather, the reason for the failure was the plaintiff's own inaction.

Thus, the plaintiff has not presented sufficient evidence of either his diligence or exceptional circumstances beyond his control. He has been given extension after extension and warning after warning and has had ample time and opportunity to achieve service, but never made sufficient effort during the seventeen months this action has been pending. Accordingly, good cause is lacking. *See Johnson v. Berry*, 98 F.3d 1338 (5th Cir. 1996) (quotations omitted) (citing, e.g., *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir.1985)).

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant Akima's motion to dismiss **[#16]** is GRANTED, and the plaintiff's claims are DISMISSED WITHOUT PREJUDICE. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the 21st day of August, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE